**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4675**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

ELEAZER ROMERO JIMENEZ, a/k/a Machine,

              Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Max O. Cogburn, Jr., District Judge.  (3:13-cr-00057-MOC-1)

Submitted:  May 20, 2015          Decided:  June 11, 2015

Before MOTZ, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Diana Stavroulakis, Pittsburgh, Pennsylvania, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eleazer Romero Jimenez appeals the district court's judgment and his sentence after pleading guilty to conspiracy to possess with intent to distribute five or more kilograms of cocaine in violation of 21 U.S.C. § 846 (2012). Jimenez's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but raising the issues of whether the district court had jurisdiction over the case, whether Jimenez's guilty plea was knowing and voluntary, whether his appeal waiver was knowing and voluntary, and whether his sentence was reasonable. Jimenez has filed a pro se supplemental brief arguing that the district court did not have jurisdiction over his case. We affirm.

First, because Jimenez was indicted and pled guilty to a federal crime, the district court had jurisdiction over the case pursuant to 18 U.S.C. § 3231 (2012). Counsel next raises the issue of whether Jimenez's plea was knowing and voluntary.

"[F]or a guilty plea to be valid, the Constitution imposes 'the minimum requirement that [the] plea be the voluntary expression of [the defendant's] own choice.'" United States v. Moussaoui, 591 F.3d 263, 278 (4th Cir. 2010) (quoting Brady v. United States, 397 U.S. 742, 748 (1970)). "It must reflect a voluntary and intelligent choice among the alternative courses of action open to the defendant." Id. (citation and internal

2

quotation marks omitted).  "In evaluating the constitutional validity of a guilty plea, courts look to the totality of the circumstances surrounding [it], granting the defendant's solemn declaration of guilt a presumption of truthfulness."  Id. (citation and internal quotation marks omitted).

In federal cases, Rule 11 of the Federal Rules of Criminal Procedure "governs the duty of the trial judge before accepting a guilty plea."  Boykin v. Alabama, 395 U.S. 238, 243 n.5 (1969).  Rule 11 "requires a judge to address a defendant about to enter a plea of guilty, to ensure that he understands the law of his crime in relation to the facts of his case, as well as his rights as a criminal defendant." United States v. Vonn, 535 U.S. 55, 62 (2002).  We "accord deference to the trial court's decision as to how best to conduct the mandated colloquy." United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991).  A guilty plea may be knowingly and intelligently made based on information received before the plea hearing.  See id. at 117; see also Bradshaw v. Stumpf, 545 U.S. 175, 183 (2005) (trial court may rely on counsel's assurance that the defendant was properly informed of the elements of the crime).

"A federal court of appeals normally will not correct a legal error made in criminal trial court proceedings unless the defendant first brought the error to the trial court's attention."  Henderson v. United States, 133 S. Ct. 1121, 1124

3

(2013) (citing United States v. Olano, 507 U.S. 725, 731 (1993)). Federal Rule of Criminal Procedure 52(b) creates an exception to the normal rule, providing "[a] plain error that affects substantial rights may be considered even though it was not brought to the court's attention." Fed. R. Crim. P. 52(b).

When a defendant does not seek to withdraw his guilty plea in the district court, we review any claims that the court erred at his guilty plea hearing for plain error. United States v. Martinez, 277 F.3d 517, 524, 527 (4th Cir. 2002). It is the defendant's burden to show (1) error; (2) that was plain; (3) affecting his substantial rights; and (4) that we should exercise our discretion to notice the error. See id. at 529, 532. To show prejudice, he "must show a reasonable probability that, but for the error, he would not have entered the plea." United States v. Dominguez Benitez, 542 U.S. 74, 83 (2004).

We have reviewed the record and conclude that Jimenez fails to show any plain error by the district court, and his guilty plea was knowing and voluntary based on a totality of the circumstances. Jimenez pled guilty because he was guilty, and he received a substantial benefit from his plea agreement. His decision to plead guilty was a voluntary and intelligent choice among the alternative choices of action open to him.

Counsel next questions whether Jimenez's appeal waiver was knowing and voluntary. "Plea bargains rest on contractual

4

principles, and each party should receive the benefit of its bargain." United States v. Blick, 408 F.3d 162, 173 (4th Cir. 2005) (citation and internal quotations omitted). "A defendant may waive the right to appeal his conviction and sentence so long as the waiver is knowing and voluntary." United States v. Davis, 689 F.3d 349, 354 (4th Cir. 2012) (citing United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992)). We review the validity of an appeal waiver de novo, and we "will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver." Id. (citing Blick, 408 F.3d at 168). While the validity of an appeal waiver often depends on the adequacy of the plea colloquy, the issue ultimately depends on the totality of the circumstances. Blick, 408 F.3d at 169.

We have reviewed the plea agreement and the Rule 11 hearing, and we conclude that Jimenez's appellate waiver was knowing and voluntary. However, because the Government has not moved to dismiss the appeal, we decline to enforce the waiver.

Finally, counsel questions whether Jimenez's sentence was reasonable. We review the reasonableness of a sentence using an abuse-of-discretion standard. United States v. Lymas, 781 F.3d 106, 111 (4th Cir. 2015) (citing Gall v. United States, 552 U.S. 38, 41 (2007)). First, we consider whether the district court committed any significant procedural error, such as improperly calculating the Guidelines range or failing to adequately

5

explain the sentence. Gall, 552 U.S. at 51. If the sentence is procedurally reasonable, we then consider its substantive reasonableness, taking into account the totality of the circumstances. Id. We presume that a sentence within or below a properly calculated Guidelines range is substantively reasonable. United States v. Susi, 674 F.3d 278, 289 (4th Cir. 2012). A defendant can only rebut the presumption by showing the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) (2012) factors. United States v. Louthian, 756 F.3d 295, 306 (4th Cir.), cert. denied, 135 S. Ct. 421 (2014).

The district court "must make an individualized assessment based on the facts presented when imposing a sentence, apply[ing] the relevant § 3553(a) factors to the specific circumstances of the case and the defendant, and must state in open court the particular reasons supporting its chosen sentence." Lymas, 781 F.3d at 113 (citation and internal quotation marks omitted). "[A] district court's explanation of its sentence need not be lengthy, but the court must offer some individualized assessment justifying the sentence imposed and rejection of arguments for a higher or lower sentence based on § 3553." Id. (citation and internal quotation marks omitted).

We have reviewed the record and conclude that Jimenez's sentence is procedurally and substantively reasonable, and the district court did not abuse its discretion in imposing the

sentence. The district court correctly calculated his advisory Guidelines range and reasonably determined that a sentence at the bottom of the range was appropriate in this case. The court considered but denied Jimenez's request for a variance sentence below the range due to the huge quantity of drugs and the extent of his involvement as "a significant point of those drugs."

In accordance with <u>Anders</u>, we have reviewed the record and have found no meritorious issues for appeal. Accordingly, we affirm the district court's judgment. This court requires that counsel inform his or her client, in writing, of his or her right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>